**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC., | ) ) ) | Case No. 21-08123 |
| | ) | Judge: Carol A. Doyle |
| Debtor. | ) ) | |

**NOTICE OF DEBTOR'S MOTION TO ESTABLISH**
**BIDDING PROCEDURES FOR THE SALE OF**
**DEBTOR'S ONLY MATERIAL ASSET**

TO:   See attached list

PLEASE TAKE NOTICE that on September 23, 2021 at 10:00 a.m.**,** I will appear telephonically before the Honorable Carol A. Doyle, or any judge sitting in that judge's place, and present the *Debtor's Motion to Establish Bidding Procedures for the Sale of Debtor's Only Material Asset*, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https//www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742.** The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

1

| | | |
|---|---|---|
| Dated: September 7, 2021 | By: | /s/ Michael P. O'Neil |

                                                            Michael P. O'Neil
(ARDC NO 6194470)
Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
Tel:    (312) 527-4000
moneil@taftlaw.com

and

One Indiana Square, Suite 3500
Indianapolis, IN  46204
Tel:    (317) 713-3500
moneil@taftlaw.com

*Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

      I, Michael P. O'Neil, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on September 7, 2021 at 6:30 p.m.

                                                                     /s/ Michael P. O'Neil

## SERVICE LIST

*Via Electronic Mail Notice*

The following is the list of **parties** who are currently on the Court's Electronic Notice for Registrants list to receive email notice/service for this case.

- **Kimberly S Cohen**     kcohen@goodwin.com, bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com

- **William S Hackney**     whackney@salawus.com, jadams@salawus.com,rlaas@salawus.com,smithwc-ecfs_notice@juralaw.net

- **Allison Hudson**     ahudson@vedderprice.com, ecfdocket@vedderprice.com

- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov

- **Michael P O'Neil**    moneil@taftlaw.com, aolave@taftlaw.com

*__Via Electronic Mail Notice by Counsel for Debtor__*

- **Colin Dougherty, O'Brien-Staley Partners**  Colin.dougherty@osp-group.com

- **Jeffrey D. Sternklar,** Counsel for Creditors' Committee
  Jeffrey@sternklarlaw.com

*__Via U.S. Mail__*

Northwest Bancorporation of Illinois, Inc.
300 East Northwest Highway
Palatine, IL 60067-8117

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

Capital Trust I & II Trustee Fees
c/o The Bank of New York, Trustee
101 Barclay Street, Floor 21 W
New York, NY 10286

Hershenhorn Capital Trust I
c/o The Bank of New York
P.O. Box 11203
New York, NY 10286

Hershenhorn Capital Trust II
c/o The Bank of New York
P.O. Box 11203
New York, NY 10286

Hershenhorn Statutory Trust I
Capital Trusts I & II Common Secs.
300 E. Northwest Hwy.
Palatine, IL 60067

HoldCo Opportunities Fund, L.P.
Attn: Michael Zaitzeff
32 Broad Street
New York, NY 10004

Statutory Trust I Trustee Fees
c/o U.S. Bank Corp. Trust Service
1 Federal St.
Boston, MA 92110

70997298v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHWEST BANCORPORATION OF ) | Case No. 21-08123 |
| ILLINOIS, INC., ) | |
| ) | Judge: Carol A. Doyle |
| Debtor. ) | |
| ) | |

**MOTION TO ESTABLISH BIDDING PROCEDURES FOR THE**
**SALE OF DEBTOR'S ONLY MATERIAL ASSET**

Northwest Bancorporation of Illinois, Inc., as debtor and debtor-in-possession (the "Debtor"), by counsel, hereby respectfully requests the entry of an Order pursuant to 11 U.S.C. §§ 105(a) and 363, and Federal Rule of Bankruptcy Procedure 6004, establishing certain bidding procedures in connection with the sale of its only material asset, being its 100% ownership of the stock of First Bank and Trust Company of Illinois, Inc. ("First Bank"). In support of this bid procedures motion, the Debtor states as follows:

**I. Jurisdictional Background**

1. The Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 2, 2021 (the "Petition Date") and continues to operate its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. An Official Unsecured Creditors' Committee (the "Committee") was formed on August 4, 2021. No trustee or examiner has been appointed in this case.

3. The members of the Committee consist entirely of holders of (and trustees for) several tranches of Trust Preferred Securities ("TruPS").

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(N) and (O). The relief requested flows from the statutory scheme codified by the Bankruptcy Code, addresses an area of law long determined by Bankruptcy Courts, and is purely a creature of federal law. Accordingly, this Court has jurisdiction and authority to hear this matter.

## II. General Background

5.    The Debtor is a bank holding company, whose actions are governed by, among other statutes and regulations, the Bank Holding Company Act of 1956 12 U.S.C. § 1841, *et seq*. Under that Act, and as described in the several applicable indentures, TruPS holders had certain consent rights over material transactions before this bankruptcy filing, but they may not exercise material control over the business affairs of a bank holding company.

6.    As noted above, the Debtor's sole material asset is 100% ownership of First Bank.

7.    In 2015, the Debtor, then known as Hershenhorn Bancorporation, Inc., filed a Chapter 11 petition for purposes of implementing a "pre-packaged" Plan of Reorganization that resulted in a substantial restructuring of the Debtor's balance sheet, including certain concessions by all of the holders of the TruPS.

8.    After the 2015 bankruptcy case and up until approximately 2020, First Bank continued to struggle with its portfolio of non-performing real estate loans. Now, with most of the difficult work having been accomplished, First Bank's loan portfolio is much stronger, albeit its balance sheet is also much smaller.

9. In March 2020, the Debtor hired investment banker Janney Montgomery Scott LLC ("Janney") to market the stock of First Bank for sale. Janney ran a traditional sale process, which produced several interested parties. However, given that the process was undertaken in the middle of the Covid-19 pandemic, on information and belief, many prospective purchasers were very cautious.

10. Nevertheless, as a result of that process, one prospective purchaser submitted the winning bid and then engaged in lengthy conversations with the Debtor, First Bank and the largest TruPS holders with an eye towards either purchasing the stock of First Bank or, alternatively, purchasing all of the TruPS securities themselves and effecting a change of control later. For a variety of reasons, that transaction did not close.

11. In late June 2021, one group of TruPS holders issued a notice of default and acceleration to the Debtor, confirming the need for this "chapter 22" filing to effect an orderly sale of the First Bank stock.

## II.  Proposed Bidding Procedures

12. The Debtor's professionals have been working with the Committee and its counsel to craft a set of bid procedures that are reasonably acceptable to all parties. The most recent draft of such proposed procedures are attached as Exhibit "A." (It is possible, if not likely, that such procedures may undergo additional edits in advance of the September 23, 2021 hearing on this motion.)

13. Once the best bid available under all of the circumstances is identified, the Debtor will file a separate motion seeking Court authority to sell 100% of the First Bank stock to the chosen bidder, free and clear of all liens, claims, interests and encumbrances.

14. The Debtor, through this motion, seeks to establish the procedures for bidding on the First Bank stock, establish a deadline for such bids, and later set a hearing on approval of such sale.

15. To be considered as a bidder in the sale of substantially all of the Debtor's Stock, a prospective bidder must submit a "Qualified Bid." A Qualified Bid is an offer that meets the criteria described in Exhibit "A."

16. Pursuant to § 363(f) of the Bankruptcy Code, the Stock shall be sold free and clear of any liens, claims, interests and encumbrances, with such liens, claims, interests and encumbrances attaching to the net proceeds of the sale.

17. The Debtor, in consultation with Janney and the Committee, will: (a) determine which Qualified Bid, if any, is the highest and best offer; and (b) reject at any time prior to the entry of an Order of the Court approving the Sale Motion, any offer deemed to be (i) inadequate or insufficient; (ii) not in conformity with the requirements of these bid procedures, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Northern District of Illinois Local Rules, or (iii) contrary to the best interests of the Debtor, its estate and its creditors. The Debtor will have no obligation to accept or submit for Court approval any offer presented.

18. The Debtor or Janney, in consultation with Committee, will announce which bidder has submitted the highest and/or best bid for the Stock (the "Successful Bidder"). Of course, such determination of the Successful Bidder is subject to final determination by the Court.

### III.  Basis for the Relief Requested

19.  Section 363(b)(1) of the Bankruptcy Code provides that a trustee or debtor in possession may sell property of the estate outside of the ordinary course of business after notice and a hearing.  Section 105(a) of the Bankruptcy Code provides that the Court may enter such orders as are necessary or appropriate to carry out the provisions of the Bankruptcy Code.

20.  Authorizing the bidding procedures outlined herein furthers the interests of the Debtor and its creditors. Specifically, the bidding procedures outlined herein will allow the estate to realize the maximum value for the Stock through competitive bidding and marketing by Janney.

21.  Based on the foregoing, the Debtor respectfully requests that the Court approve the bidding procedures outlined herein and conduct a hearing on the Sale Motion on a date to be determined.

22.  Furthermore, the Debtor respectfully requests that the Court waive the fourteen (14) day stay provided in Rule 6004 so as to allow the sale process to commence immediately.

WHEREFORE, the Debtor respectfully requests the entry of an Order: (1) approving the bidding procedures described in Exhibit "A," as they may be amended up to the time of the hearing; and (2) granting the Debtor such other and further relief as the Court deems proper.

DATED: September 7, 2021

NORTHWEST BANCORPORATION
OF ILLINOIS, INC.
as debtor and debtor-in-possession,

By:   /s/ Michael P. O'Neil
Michael P. O'Neil, one of its counsel
(ARDC NO 6194470)

Michael P. O'Neil
John R. Humphrey
Karl J. Johnson
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699
Email: MONeil@taftlaw.com

70997197v2

6