# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: ) | |
| ) | BK No.: 21-08123v |
| Northwest Bancorporation of Illinois, Inc., ) | |
| ) | Chapter: 11 |
| ) | |
| Debtor, ) | |
| ) | Honorable Carol A. Doyle |
| ) | |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, counsel for Trustee Catherine Steege in the above-captioned action (the "**Litigation**") requested documents including confidential supervisory information related to First Bank and Trust Company of Illinois, Palatine, Illinois, from non-party Federal Deposit Insurance Corporation ("**FDIC**") and Illinois Department of Financial and Professional Regulation ("**IDFPR**"); and

WHEREAS, the FDIC and IDFPR have determined that the requirements for discretionary disclosure under 12 C.F.R. § 309.6(b)(8) and disclosure under 205 ILCS 5/48.3 and 38 Ill. Adm. Code 325 have been satisfied, and have therefore authorized disclosure of certain records ("**Confidential Records**"), provided that such disclosure is made strictly under the terms and conditions of this Protective Order;

NOW THEREFORE, the Court hereby orders the following:

1. The Confidential Records, and all information contained therein or related thereto, shall be held strictly confidential and may be examined and used only in connection with discovery, trial, and if necessary, appeal of the Litigation.

2. No person, including, without limitation, the parties to the Litigation, their counsel, the Court, the Clerk of the Court, court reporters, or any employee or agent of any of the foregoing,

shall transcribe, copy, or disclose in any manner any information contained in or related to the Confidential Records, except upon order of the Court or as necessary for the limited purpose of the preparation, discovery in connection with, trial, and appeal of the Litigation. Counsel shall mean all attorneys, paralegals, legal assistants, secretaries, and other support staff or vendors who perform work tasks related to the Litigation, as well as expert witnesses or consultants retained to furnish technical or expert services in connection with the Litigation. Subject to paragraphs 4 and 5 below, nothing in the preceding sentence is intended to prevent or prohibit the use of information contained in the Confidential Records for the purpose of the trial of the Litigation.

3. If any of the Confidential Records or portions thereof are included in documents filed with the Clerk of the Court, the Clerk of the Court shall keep such documents in a sealed envelope or in such other manner as shall make the documents unavailable for public scrutiny. Any briefs, transcripts or other writing quoting or referring to any statement contained in such portion of the Confidential Records shall be redacted or sealed against any such disclosure.

4. Any party offering any of the Confidential Records into evidence in the trial of the Litigation, or in connection therewith, shall offer only those pages or portions thereof that are relevant and material to the issues in dispute, and shall redact any portion of any page that contains information not relevant and material to such issues. The name of any person or entity contained on any page of the Confidential Records who is not a party to the Litigation, or whose name is not otherwise relevant and material to the issues in dispute, shall be redacted prior to the admission of such page into evidence.

5. At the conclusion of the Litigation (including any appeal), all Confidential Records in the possession or control of any person granted access to the Confidential Records under this Protective Order, including all copies, extracts and summaries thereof, shall forthwith be returned to the Regional Counsel, FDIC Legal Division, at 300 South Riverside Plaza, Chicago, Illinois 60606 and/or the Deputy General Counsel for Banking, IDFPR, at 555 West Monroe Street, 5th

Floor, Chicago, Illinois 60661, as appropriate, or shall be otherwise disposed of as directed by the FDIC Regional Counsel and/or the IDFPR Deputy General Counsel or their designees. Notwithstanding anything to the contrary contained herein, counsel of record to the Litigation may retain their work product and a copy of all pleadings, motion papers, discovery responses, deposition or trial transcripts and exhibits, even if the same include Confidential Records; provided that the Confidential Records remain subject to this Protective Order; and further provided that the Confidential Records remain the property of the FDIC and IDFPR, disclosure thereof shall only as provided by 12 C.F.R. § 309.6(b)(8) and Section 48.3 of the Illinois Banking Act, and the FDIC and IDFPR otherwise retain all rights and privileges as provided under 12 C.F.R. § 309.6, Section 48.3 and all other applicable law and administrative rules.

6. Any person granted access under this Stipulation and Protective Order to any of the Confidential Records, or to information contained therein or related thereto, who uses such Confidential Records or such information for any purpose other than the preparation, discovery in connection with, trial, or appeal of the Litigation, or otherwise violates the terms or conditions of this Protective Order, shall be subject to Court sanctions.

7. The term and conditions of this Stipulation and Protective Order apply to any subsequent or supplemental process that may be issued and served on the FDIC or IDFPR in connection with the Litigation.

8. The Confidential Records shall include all records or testimony identified with a Bates Prefix "FDIC-IDFPR" and marked "Confidential."

9. To the extent the Confidential Records contain records of non-party bank customers, the FDIC and IDFPR are excepted from the Right of Financial Privacy Act by reason of this order and 12 U.S.C. § 3413(d).

10. Disclosure of Confidential Records under the terms and conditions of this Stipulation and Protective Order shall not constitute a waiver of any privileges or confidentiality

4

with respect to such Confidential Records.  The production or disclosure of any attorney-client privileged, attorney work product, or other protected document or information medium (Protected Material) in the Confidential Records shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the FDIC or IDFPR in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 or Illinois Rule of Evidence 502 regardless of the circumstances of disclosure.

11. Nothing in this this Stipulation and Protective Order shall prejudice the right of the FDIC or IDFPR to object to the production or disclosure of any document or part thereof on any appropriate ground, including applicable privilege, and nothing herein shall be construed as a waiver of such rights.

Wherefore, this Stipulation and Protective Order is hereby entered into this _____ day of _____ 2022.

                                                                                     _____
United States Bankruptcy Court Judge
Honorable Carol A. Doyle

AGREED TO BY:

| The Federal Deposit Insurance Corporation | Illinois Department of Financial and Professional Regulation |
|---|---|
| By: s/ Monica M. Tynan<br>Monica M. Tynan<br>Regional Counsel – FDIC<br>300 S. Riverside Plaza, Suite 1700<br>Chicago, Illinois 60606<br>(312) 307-6070<br>mtynan@fdic.gov<br>Counsel for Non-Party FDIC | By: s/ Jayesh Hines-Shah<br>Jayesh Hines-Shah, Deputy General Counsel<br>IDFPR- Division of Banking<br>555 West Monroe Street, Suite 800S<br>Chicago, Illinois 60661<br>312-814-3541<br>Jayesh.Hines-Shah@illinois.gov<br>Counsel for Non-Party IDFPR |

By: s/ Landon S. Raiford
Counsel for the Chapter 11 Trustee Catherine Steege
Landon Raiford
Jenner & Block LLP
353 N. Clark St.

5

Chicago, IL 60654
lraiford@jenner.com


By:  s/ Michael M. Eidelman
Counsel for First Bank and Trust Company of Illinois
Michael M. Eidelman
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
312-609-7636
meidelman@vedderprice.com