## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC., | Case No. 21-08123<br>Hon. Carol A. Doyle |
| Debtor. | |

**NOTICE OF THE JOINT MOTION FOR ORDER (A) GRANTING INTERIM APPROVAL OF THE DISCLOSURE STATEMENT; (B) SCHEDULING FINAL HEARING TO CONSIDER AND APPROVE DISCLOSURE STATEMENT AND RELATED JOINT CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE CHAPTER 11 TRUSTEE AND AMERINATIONAL COMMUNITY SERVICES, LLC; (C) AUTHORIZING THE DISTRIBUTION OF THE DISCLOSURE STATEMENT AND PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE JOINT PLAN; (D) APPROVING NOTICE OF THE CONFIRMATION HEARING; (E) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGE; AND (F) APPROVING THE NOTICE PROVISIONS**

TO: ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on **February 23, 2023, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorney shall appear before the Honorable Carol A. Doyle, or any judge sitting in her stead, **either** in Courtroom 742 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below and present the Joint Motion for an Order (A) Granting Interim Approval of the Disclosure Statement; (B) Scheduling Final Hearing to Consider and Approve Disclosure Statement and Related Joint Chapter 11 Plan of Reorganization Proposed by the Chapter 11 Trustee and AmeriNational Community Services, LLC; (C) Authorizing the Distribution of the Disclosure Statement and Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan; (D) Approving Notice of the Confirmation Hearing; (E) Approving the Form of Ballot and Solicitation Package; and (F) Approving the Notice Provisions, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742.** The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: February 13, 2023

Respectfully submitted,

By: */s/ Catherine L. Steege*
Catherine L. Steege
Chapter 11 Trustee

Catherine L. Steege
Landon S. Raiford
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 923-2952
csteege@jenner.com
lraiford@jenner.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 13, 2023, I caused true and correct copies of the foregoing *Notice of Motion* and the *Joint Motion for an Order (A) Granting Interim Approval of the Disclosure Statement; (B) Scheduling Final Hearing to Consider and Approve Disclosure Statement and Related Joint Chapter 11 Plan of Reorganization Proposed by the Chapter 11 Trustee and AmeriNational Community Services, LLC; (C) Authorizing the Distribution of the Disclosure Statement and Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan; (D) Approving Notice of the Confirmation Hearing; (E) Approving the Form of Ballot and Solicitation Package; and (F) Approving the Notice Provisions* to be served via ECF notification, via e-mail, and via first-class mail as set forth on the attached Service List.

By: */s/ Catherine L. Steege*
Catherine L. Steege
Chapter 11 Trustee

## SERVICE LIST

**VIA ECF NOTIFICATION:**

| | |
|---|---|
| The Bank of New York Mellon, as Trustee | tpitta@emmetmarvin.com |
| First Bank & Trust Co. of Illinois | meidelman@vedderprice.com<br>mleifman@vedderprice.com |
| Northwest Bancorporation of Illinois, Inc. | moneil@taftlaw.com |
| Patrick S. Layng, Office of the U.S. Trustee | ustpregion11.es.ecf@usdoj.gov |
| U.S. Bank National Association | kcohen@goodwin.com |
| Vedder Price P.C. | ahudson@vedderprice.com |

**Via Email**

| | |
|---|---|
| U.S. Bank Trust Company, National Association | klamanna@goodwin.com |
| AIG Property Casualty, Inc. | kevin.larner@aig.com |

**Via First-Class Mail**

IRS

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, IL 60604

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC., | ) ) | Case No. 21-08123 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

**JOINT MOTION FOR ORDER (A) GRANTING INTERIM APPROVAL OF THE DISCLOSURE STATEMENT; (B) SCHEDULING FINAL HEARING TO CONSIDER AND APPROVE DISCLOSURE STATEMENT AND RELATED JOINT CHAPTER 11 PLAN OF REORGANIZATION PROPOSED BY THE CHAPTER 11 TRUSTEE AND AMERINATIONAL COMMUNITY SERVICES, LLC; (C) AUTHORIZING THE DISTRIBUTION OF THE DISCLOSURE STATEMENT AND PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE JOINT PLAN; (D) APPROVING NOTICE OF THE CONFIRMATION HEARING; (E) APPROVING THE FORM OF BALLOT AND SOLICITATION PACKAGE; AND (F) APPROVING THE NOTICE PROVISIONS**

Catherine Steege, not individually but solely as Chapter 11 Trustee (the "**Trustee**") of Northwest Bancorporation of Illinois, Inc. (the "**Debtor**"), and AmeriNational Community Services, LLC ("**AmeriNat**", and together with the Trustee, the "**Plan Proponents**") hereby submit this Motion (the "**Motion**") for entry of an Order: (a) granting interim approval of the Disclosure Statement (Dkt. 204) for solicitation purposes; (b) scheduling a final hearing to consider and approve the Disclosure Statement and related Joint Chapter 11 Plan or Reorganization (the "**Joint Plan**") proposed by the Chapter 11 Trustee and AmeriNational Community Services, LLC (Dkt. 203); (c) authorizing the distribution of the Disclosure Statement and the procedures for the solicitation and tabulation of votes to accept or reject the Joint Plan; (d) approving the notice of the confirmation hearing; (e) approving the form of ballot and solicitation package; and (f) approving the notice provisions. In support of the Motion, the Plan Proponents state:

## JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(L) and (O) and one in which the Court may constitutionally enter a judgment. To the extent that this matter is not a constitutionally core proceeding, the Trustee consents to the Court entering a judgment on the Motion. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This Motion is made pursuant to sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3016-1 and 3018-1 of the Local Rules (the "**Local Rules**").

## BACKGROUND

3.  On July 7, 2021 (the "**Petition Date**"), the Debtor filed a case under chapter 11 of the Bankruptcy Code. Until the appointment of the Trustee, the Debtor operated its business and managed its affairs as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code.

4.  On August 4, 2021, the United States Trustee (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Committee**"), comprised of OSP Value Fund, L.P. ("**OSP**"), HoldCo Opportunities Fund, L.P. ("**HoldCo**"), and the Bank of New York Mellon Trust Company. Subsequently, the Bank of New York Mellon Trust Company resigned from the Committee.

5.  After AmeriNat purchased the claims of the two remaining Committee members (OSP and HoldCo), those members resigned from the Committee and on November 17, 2022, the U.S. Trustee disbanded the Committee (Dkt. 197).

6.  On February 10, 2023 and February 13, 2023, the Plan Proponents filed the Joint Plan (Dkt. 203) and Disclosure Statement (Dkt. 204), respectively.

7. In summary, the Joint Plan provides for AmeriNat (the current holder of all the Debtor's Junior TruPS) to acquire 100% of the common stock of the reorganized Debtor. In exchange, AmeriNat will convert a substantial amount of the debt owed to it into equity in the reorganized Debtor with the remaining amount being repaid in accordance with the underlying Indentures. Under the Joint Plan, the Debtor will reinstate the Senior TruPS (as defined in the Joint Plan) and recapitalize the interest that has accrued through the Petition Date with repayment made pursuant to the terms of the underlying Indenture. All other claims will be paid in full on the Effective Date from the proceeds of an Exit Facility to be furnished by a Person (as defined in the Joint Plan) identified by AmeriNat. The interests of the Debtor's existing shareholders will be cancelled.

8. Because the Debtor is a bank-holding company, AmeriNat's ability to acquire 100% of the ownership of the Debtor is dependent upon the approval of the Illinois Department of Financial and Professional Regulation, the Federal Reserve Bank of Chicago, and the Board of Governors of the Federal Reserve System (the "**Regulators**"). AmeriNat has begun the process of seeking such approval and the Plan will not become effective until all required approvals are received.

9. In the event that AmeriNat is unable to obtain the necessary approvals, the Joint Plan contemplates the Trustee commencing an auction to find a buyer for the Debtor's interests in its wholly-owned operating subsidiary—First Bank and Trust Company of Illinois ("**First Bank**"). Any buyer selected through such an auction would also be required to obtain the approval of the Regulators.

## REQUESTED RELIEF

10. The Plan Proponents seek entry of an order: (a) granting interim approval of the Disclosure Statement for solicitation purposes; (b) scheduling a final hearing to consider and

approve the Disclosure Statement and Joint Plan; (c) authorizing the distribution of the Disclosure Statement and the procedures for the solicitation and tabulation of votes to accept or reject the Joint Plan; (d) approving the notice of the confirmation hearing; (e) approving the form of ballot and solicitation package; and (f) approving certain notice provisions.

**REQUESTED RELIEF**

**A. The Court Should Grant Interim Approval of the Disclosure Statement for Solicitation Purposes**

11. Bankruptcy Code section 1125 requires that disclosure statements be approved by the Court as having contained "adequate information. 11 U.S.C. § 1125(b). "Adequate information" is defined by the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).

12. In other words, the Disclosure Statement must provide enough information for an impaired creditor entitled to vote to make an informed judgement on whether to vote to accept or reject the plan *see Krystol-Cadillac-Oldsmobile GMC Truck v. General Motors Corp.,* 337 F.3d 314, 322 (3d Cir. 2003). Moreover, Local Rule 3016-1 provides certain information a disclosure statement must provide (unless otherwise ordered by the Court).

13. The Plan Proponents believe that the Disclosure Statement satisfies adequate information test as the Disclosure Statement comports with the requirements of the Local Rules

and additional information concerning the Debtor, its assets, certain key considerations for creditors, and the means of implementation of the Joint Plan.

14. At this time, however, the Plan Proponents only seek interim approval of the Disclosure Statement for solicitation purposes. This relief is particularly appropriate here given that of the five creditors classes only three (Class 2, Class 3 and Class 4) are entitled to vote.[1] Moreover, Class 2 (general unsecured claims) consist of one creditor, Vedder Price LLP—a law firm that represents FirstBank. Class 3 consists of Senior TruPS holders with US Bank National Association serving as Indenture Trustee, and Class 4 (Junior TruPS) consists of Plan Proponent, AmeriNat. Given the limited number of creditors, their level of sophistication and their familiarity with this bankruptcy case, ample cause exists to approve the Disclosure Statement on an interim basis with final approval being granted at the time of the Confirmation Hearing.

**B. The Request for a Combined Hearing and Hearing-Related Deadlines**

    **a. The Combined Hearing and Objection and Reply Deadlines.**

15. In light of the request for interim approval of the Disclosure Statement, the Plan Proponents also request that the Court scheduled a combined hearing (the "**Combined Hearing**") at which the Court considers on a final basis both the adequacy of the Disclosure Statement under section 1125 of the Bankruptcy Code and whether the Joint Plan may be confirmed under section 1123 of the Bankruptcy Code.

16. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court "may fix the date for the hearing on confirmation." In accordance with this provision, the Plan Proponents request that the Combined Hearing on or about April 27, 2023 at 10:30 a.m. (prevailing CT).

---

[1] Class 1 (Priority Claims) are presumed to accept the Joint Plan and Class 5 (Interests) are presumed to reject the Joint Plan.

17. In addition, the Plan Proponents request that any objections to the Disclosure Statement or Joint Plan be filed with the Court no later than April 13, 2023 (the "**Objection Deadline**") and that the Plan Proponents be allowed to file a consolidated reply to any objections no later than April 20, 2023.

### ii. The Combined Hearing Notice

18. Bankruptcy Rule 2002(b) requires that a debtor provide at least 28 days notice to all creditors and parties in interest of the Objection Deadline.

19. Attached as Exhibit 1, is a proposed Combined Hearing Notice, which sets forth: (a) the Objection Deadline; (b) the deadline (April 6, 2023) for filing a motion under Bankruptcy Rule 3018; (c) the time, date, and place of the hearing on final approval of the Joint Plan and Disclosure Statement; and (d) instructions for how to obtain copies of the Joint Plan and Disclosure Statement.

20. The Combined Hearing Notice will be mailed to (a) each creditor who has timely filed a proof of claim that has not been withdrawn or disallowed by an order of this Court; (b) the Internal Revenue Service; (c) all parties who have requested notice in this case; (d) the Regulators; and (e) the U.S. Trustee (collectively, the "**Notice Parties**").

### iii. Establishment of Record Date

21. Bankruptcy Rule 3017(d) provides that the Court may set the date on which a disclosure statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots, for voting on a plan of reorganization. The Plan Proponents request the Court set the date upon which an Order approving this Motion as the record date (the "**Voting Record Date**") for purposes of determining which

holders of claims in the voting classes are entitled to receive a Ballot to vote to accept or reject the Joint Plan.

### iv. Establishment of Voting Deadline

22. Bankruptcy Rule 3017(c) requires the Court to "fix a time within which the holders of claims and interests may accept or reject the plan." Moreover, Local Rule 3018-1 requires that all ballots accepting or rejecting a plan must be filed with the clerk. The Plan Proponents request that the Court fix April 13, 2023 at 4:30 p.m. (prevailing CT) (the "**Voting Deadline**") as the deadline by which all Ballots for accepting or rejecting the Joint Plan must be filed with the clerk.

### C. The Court Should Approve the Solicitation Packet

23. As noted above, only holders of claims in Class 2 (General Unsecured Claims), Class 3 (Senior TruPS Claims) and Class 4 (Junior TruPS Claims) are impaired, and entitled to vote to accept or reject the Joint Plan (the "**Voting Classes**"). Holders of claims in Class 1 (Priority Claims) and Class 5 (Interests) (the "**Non-Voting Classes**) are not entitled to vote either because they are unimpaired and deemed to accept the Joint Plan (Class 1) or are impaired and presumed to reject the Joint Plan (Class 5).

24. The Plan Proponents seek approval of the following procedures to solicit acceptances or rejections of the Joint Plan and to inform those creditors who are not entitled to vote.

### i. Contents of the Solicitation Package

25. Bankruptcy Rule 3017 sets forth the materials required to be provided to holders of claims in the Voting Classes. In accordance with Bankruptcy Rule 3017(d), the Plan Proponents propose to distribute to each holders of a claim in the Voting Classes, a Solicitation Package, by first class mail, which shall contain the following materials:

a. the Joint Plan and Disclosure Statement and related Exhibits;

b. the Order approving this Motion, but excluding any exhibits attached thereto;

c. the Combined Hearing Notice;

d. a Ballot, including voting instructions and a pre-addressed, postage prepaid return envelope, and

e. any such other materials as the Court may direct.

26. Further, consistent with Bankruptcy Code sections 1126(f) and (g), the Plan Proponents propose to distribute, or cause to be distributed, by first-class mail to all holders of claims and interests in Non-Voting Classes, a package which contains:

a. Notice of Non-Voting Status (as defined below); and

b. the Combined Hearing Notice.

### ii. Form of Ballot for Voting Classes

27. In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Plan Proponents propose to mail the holders of claims entitled to vote on the Joint Plan, a Ballot, substantially in the form attached as Exhibit 2. The Plan Proponents have created a Ballot for each voting class. In addition, Class 3 has two ballots. The first is a Master Agent Ballot that will be submitted on behalf by the Indenture Trustee (U.S. Bank Trust Company, National Association) of the Senior TruPS Claims. The second is a beneficial interest Holder Ballot that will be provided to the beneficial interest holders of the Senior TruPS who, will in turn, submit their ballots to the Master Agent to be used in preparation of the Master Agent Ballot. The Plan Proponents will work with Master Agent to identify the relevant parties and the Master Agent will deliver the Solicitation Packages to the beneficial holders of Class 3 Claims within seven days of receiving the Solicitation Packages.

28. The Ballots are substantially similar to Official Form No. 314, but have been modified so that they are consistent with specific provisions of the Joint Plan.

### iii. Form of Notice of Non-Voting Status

29. The Plan Proponents also seek permission to mail the holders of claims (i) not entitled to vote and deemed to accept and (ii) not entitled to vote and deemed to reject the Joint Plan a notice substantially in the form attached as Exhibit 3 (the "**Notice of Non-Voting Status**").

### iv. Non-Substantive or Immaterial Modifications

30. While the Plan Proponents have attempted to ensure that all documents contained within the Solicitation Packages are in their final form, the Plan Proponents request the ability to make non-substantive or immaterial changes to the Joint Plan and related documents without further order of the Court, including, but not limited to: changes to correct typographical and grammatical errors, and to make conforming changes among the Joint Plan and Disclosure Statement and any other materials comprising the Solicitation Packages.

## D. The Court Should Approve the Voting and Tabulation Procedures

### 1. The Voting Procedures

31. The Plan Proponents propose that only the following holders of claims in the Voting Classes be entitled to vote with regard to such claims:

   a. Holders of claims who have filed a timely proof of claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date, and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection. A holder of a claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such claim in the reduced amount contained in such objection absent a further order of the Court;

   b. Holders of claims temporarily allowed to vote on the Joint Plan pursuant to Bankruptcy Rule 3018(a);

c. Holders of claims whose claims are in an amount agreed upon by the Trustee evidenced in a document filed with the Court, in an Order entered by the Court, or otherwise memorialized document pursuant to authority granted by the Court; and

d. The assignee of any claim that was transferred on or before the Voting Record Date by any entity described in subparagraphs (a) through (d) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e).

e. In connection with Class 3 (Senior TruPS Claims), as the Plan Proponents are unaware of the beneficial interest holders of the underlying claims, the Plan Proponents ask that the Court allow the Indenture Trustee (US Bank) to serve as the Master Ballot Agent. The Plan Proponents will work with the Master Ballot Agent to ensure the Solicitation Packet is distributed to the underlying beneficial interest holders. Those holders will then fill out their Ballots, turn them into the Master Ballot Agent who will file a single Master Ballot for Class 3 that will govern that class's acceptance or rejection of the Joint Plan.

### 2. The Tabulation Procedures

32. In accordance with Local Rule 3018-1, the Plan Proponents will tally and file a balloting report (based on the Ballots filed with the clerk) at least three days before the Combined Hearing.

33. The Plan Proponents propose that that in completing the balloting report that the following Ballots not be counted or considered:

   a. any Ballot received after the Voting Deadline, unless the Court grants otherwise, or the Plan Proponents, in their discretion, agree to, an extension to the Voting Deadline with respect to such Ballot;

   b. any Ballot that is illegible or contains insufficient information;

   c. any Ballot cast by a Person or Entity that does not hold a claim in a Voting Class;

   d. any Ballot timely received that is cast in a manner that indicates neither acceptance nor rejection of the Joint Plan or that indicates both acceptance and rejection of the Joint Plan;

   e. simultaneous-filed duplicative Ballots voted inconsistently;

  f. any Ballot partially rejecting and partially accepting the Joint Plan;

  g. any Ballot received other than the official Ballot; or

  h. any unsigned Ballot.

34. The Plan Proponents also propose to use the following Tabulation Procedures:

  a. For purposes of the numerosity and amount requirements of Bankruptcy Code Section 1126(c), based on the Plan Proponents' reasonable determinations with respect to the Voting Class, separate claims held by a single creditor against the Debtor within the same Voting Class will be aggregated as if such creditor held a single claim against the debtors in such Voting Class, and the votes related to those claims shall be treated as a single vote on the Joint Plan;

  b. A Ballot will be deemed delivered only when the executed Ballot is filed with the Clerk of the Court;

  c. If multiple Ballots are received by the Clerk from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely filed will be deemed to reflect such Holder's intent and will supersede and revoke any prior Ballot;

  d. If a proof of claim contains any amount that is either or both contingent or unliquidated, then any vote cast on account of such claim shall only be tabulated with respect to the non- contingent and liquidated amount set forth in the proof of claim, or $1.00 if no portion of the claim is determined to be non-contingent and liquidated;

  e. Creditors with multiple claims within the Voting Class must vote all such claims in the Voting Class to either accept or reject the Joint Plan and may not split their vote(s);

  f. In the event a claim is transferred after the transferor has executed and filed a Ballot with the clerk, the transferee of such claim shall be bound by any such vote (and the consequences thereof) made by the holder of such transferred claim as of the Voting Record Date;

  g. Unless otherwise provided, any party who has filed a valid Ballot for the acceptance or rejection of the Joint Plan may withdraw such acceptance or rejection by filing a written notice of withdrawal with the Clerk at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s); (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn; and (c) contain a certification that the withdrawing party owns the claim(s) and

possesses the right to withdraw the vote sought to be withdrawn. The Plan Proponents reserve the right to contest the validity of any such withdrawals of Ballots.

h. A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of a claim must indicate such capacity when signing;

i. Neither the Plan Proponents, nor any other entity, will be under a duty to provide notification of defects or irregularities with respect to delivered Ballots, other than as provided in the Voting Report;

j. Unless waived by the Plan Proponents or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline, or such Ballots will not be counted;

35. The Plan Proponents request authority to waive any of the above-specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

## NOTICE

36. Notice of this Motion has been provided to the Notice Parties.

WHEREFORE, the Plan Proponents request that the Court grant the relief requested herein and any further relief as the Court deems appropriate.

*Signature Pages Follow*

Dated: February 13, 2023

Respectfully submitted,

| | |
|---|---|
| CATHERINE STEEGE, chapter 11 Trustee for NORTHWEST BANCORPORATION OF ILLINOIS, INC. | AMERINATIONAL COMMUNITY SERVICES, LLC |
| By:  /s *Catherine Steeege*  One of her Attorneys | By:  /s *Jay Jafee*  One of its Attorneys |
| Catherine L. Steege<br>Landon S. Raiford<br>William A. Williams<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>csteege@jenner.com<br>lraiford@jenner.com | Jay Jaffe<br>Elizabeth Little<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 N. Meridian Street<br>Indianapolis, Indiana 46204<br>(317) 569-9600<br>jay.jaffe@faegredrinker.com<br>elizabeth.little@faegredrinker.com |
| *Counsel for Chapter 11 Trustee* | *Counsel for AmeriNational Community Services, LLC* |